UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-61192-CIV-UNGARO/SIMONTON

STEPHEN A. KARAKIS,

       Plaintiff,

v.

HALLANDALE LANES
MANAGEMENT, INC., et al.,

       Defendants.

_____/

## ORDER GRANTING, IN PART,  DEFENDANT HALLANDALE LANES' DISCOVERY MOTIONS

Presently pending before the Court are Defendant Hallandale Lanes Management, Inc.'s (hereafter Hallandale Lanes), Motion to Compel better answers to Defendant's first set of interrogatories (DE # 132); Motion to Compel better answers to Defendant's second set of interrogatories (DE # 135); and Motion to Compel production of documents (DE # 139).  These motions are referred to the undersigned Magistrate Judge (DE ## 136, 140, 141).  These motions are fully briefed (DE ## 160-62, 165-66, 177).  For the reasons stated below, Hallandale Lanes' discovery motions are granted, in part.

I. Background

Plaintiff, who suffers from a qualified disability, is proceeding under a one-count Second Amended Complaint alleging that Defendants operate a bowling alley in Broward County, Florida which is a place of public accommodation, contains barriers to accessibility, and discriminates against Plaintiff and others similarly situated, in violation of Title III of the Americans With Disabilities Act (hereafter ADA), 42 U.S.C. § 12181, *et seq.*  Plaintiff seeks injunctive and declaratory relief, and attorney's fees and costs (Ex. A to DE # 72).

Defendant has filed an Answer to the Second Amended Complaint (DE # 78).

II.     **Rulings Applicable to All Motions**

At the outset, the undersigned notes that Plaintiff claims he has not furnished certain information requested in these motions since he has been hospitalized for more than three months and therefore has been unable to access information which is located at his home and which he needs to provide better responses.  However, Plaintiff has not moved for an extension of the discovery period, has not provided medical documentation, and has not explained why somebody else cannot access the information for him.  The discovery period ends on April 16, 2010.  Therefore, Plaintiff must provide the information required by this Order on or before March 22, 2010.

In addition, with respect to all three motions, the undersigned finds that Defendant has satisfied the consultation requirements of  Local Rule 7.1 A 3.  The undersigned has reviewed the correspondence provided by the parties regarding the attempt to confer before the filing of the motions (DE # 160-1; DE # 166 at 2-4; DE # 166-1; DE # 161-1; ; DE # 162-1; DE 162-2).  The undersigned finds meritless Plaintiff's argument that Hallandale Lanes' motion should be dismissed for failing to comply with Local Rule 7.1 A.3 (DE # 160 at 7-9; DE # 161 at 3-4; (DE # 162 at 6-7), and finds that Defendant's counsel properly attempted to confer with Plaintiff's counsel in compliance with the Local Rules.  The undersigned notes that some of the difficulty in consulting was due to the lengthy foreign trip taken by Plaintiff's counsel (DE # 165 at 2-3; DE # 177 at 2-3).

III.  **The Motion to Compel re: Defendant's First Set of Interrogatories**

A.  **Interrogatory 2**

Hallandale Lanes asks for specific information concerning Plaintiff's mobility

2

disability (DE # 132 at 2; 8-12; DE # 166 at 4-5).

Contrary to the allegation of Plaintiff's counsel (DE # 160 at 1-2, ¶4), Plaintiff has placed his disability at issue by alleging it in the Complaint, and the requested information is relevant to the issue of Plaintiff's disability. Therefore, by March 22, 2010, Plaintiff must either provide the requested information or provide a sworn response that he does not possess some or all of the requested information.

    B. <u>Interrogatory 3</u>

Hallandale Lanes asks for specific information concerning Plaintiff's medical care for the previous five years (DE # 132 at 2, 8-12; DE # 166 at 5).  Plaintiff has placed his disability at issue by alleging it in the Second Amended Complaint, and, therefore, he cannot that information concerning his disability violates his right to privacy.  However, the request is overbroad in time, and will therefore be limited to the previous three years. The requested information is relevant to Plaintiff's disability, and, without this information, Hallandale Lanes cannot ascertain whether to place Plaintiff's disability into controversy in any manner.  Therefore, by March 22, 2010 Plaintiff must either provide the requested information or provide a sworn response that he does not possess some or all of the requested information.

    C. <u>Interrogatory 4</u>

Hallandale Lanes asks for specific information concerning each visit which Plaintiff has made to the subject property since his original diagnosis, including who accompanied him to the property, how he got there, what he did there, and how much money he spent there (DE # 132 at 3, 8-12; DE # 166 at 5-6).

Plaintiff has stated in the Second Amended Complaint that he has had a past connection with the subject property.  Thus, the requested information is relevant to

Plaintiff's standing, and is reasonably calculated to lead to the discovery of admissible evidence. However, the request is overbroad in time, and will therefore be limited to visits within the previous three years. Therefore, by March 22, 2010, Plaintiff must either provide the requested information or provide a sworn response that he does not possess some or all of the requested information.

### D. <u>Interrogatory 5</u>

Hallandale Lanes asks Plaintiff to identify every receipt he received showing his purchases at the subject property and for information regarding any credit or debit card he used there (DE # 132 at 4, 8-12; DE # 166 at 6).

Plaintiff has stated in the Second Amended Complaint that he has had a past connection with the subject property. Thus, the requested information is relevant to Plaintiff's standing, and is reasonably calculated to lead to the discovery of admissible evidence. However, the request is overbroad in time, and will therefore be limited to visits within the previous three years. If Plaintiff does not have any receipts, and believes that he always paid in cash when visiting the subject property (DE # 160 at 3-4, ¶7), he may say so in a sworn answer. Therefore, by March 22, 2010, Plaintiff must either provide the requested information or provide a sworn response that he does not possess some or all of the requested information.

### E. <u>Interrogatory 6</u>

Hallandale Lanes asks for specific facts which support Plaintiff's allegation in paragraph 11 of the Second Amended Complaint that the Subject Facility has undergone substantial remodeling, repairs or alterations since January 26, 1990 (DE # 132 at 5, 12; DE # 166 at 6-7).

Plaintiff placed this allegation in the Second Amended Complaint and must

provide all facts in his possession that support the allegation, which is directly relevant to the issue of whether the "readily achievable standard" applies.

Therefore, by March 22, 2010, Plaintiff must either provide the requested information, or provide a sworn response that he does not possess some or all of the requested information.  If Plaintiff wishes to allege that the responsive information is privileged (DE # 160 at 4, ¶8), he must file a privilege log that accords with the requirements of the Local Rules by March 22, 2010.  However, the undersigned notes that, generally speaking,  neither the attorney-client privilege nor the work product protection applies to prevent the disclosure of underlying facts, regardless of who obtained those facts.  *See, e.g., Koch Materials Co. v. Shore Slurry Seal, Inc.*, 208 F.R.D. 109, 121 (D.N.J. 2002); *Casson Constr. Co. v. Armco Steel Corp.*,, 91 F.R.D. 376 (D. Kan. 1980).

### F.  Interrogatory 7

Hallandale Lanes asks for the name of the experts Plaintiff intends to call at trial, the dates and times that they visited the subject property, the substance of their opinions and identify any reports they have prepared regarding the subject property, including all email correspondence (DE # 132 at 5, 12-14; DE # 166 at 7).

Plaintiff is required to provide this information to Defendant in a timely manner. Plaintiff's expert, Moishe Weitz, has already inspected the subject property.  All expert discovery must be completed by April 16, 2010, approximately six weeks from now.  The undersigned notes that the Scheduling Order required the parties to agree upon a schedule for expert disclosures in keeping with this deadline.   Apparently, there has been no such agreement.  Therefore, the undersigned has determined that Plaintiff must provide this information now, so that expert discovery may move forward.

5

Therefore, by March 22, 2010, Plaintiff must either provide the requested information or file a privilege log that accords with the requirements of the Local Rules.

G.  **Interrogatory 8**

Hallandale Lanes asks Plaintiff to describe in detail the remediation he proposes as a readily achievable solution to the barrier named in paragraph 15(v) of the Second Amended Complaint (DE # 132 at 6, 12-14; DE # 166 at 7-8).

Plaintiff, by making this allegation in the Second Amended Complaint, is required to provide this information to Defendant in a timely manner. Plaintiff's expert, Moishe Weitz, has already inspected the subject property.  All expert discovery must be completed by April 16, 2010, approximately six weeks from now.  Plaintiff must provide this information now, so that expert discovery may move forward.

Therefore, by March 22, 2010, Plaintiff must either provide the requested information or file a privilege log that accords with the requirements of the Local Rules.

H.  **Interrogatory 11**

Hallandale Lanes asks Plaintiff to describe in detail each lawsuit he has filed since the inception of the ADA, including the dates of original visits to each location and each subsequent visit to each location, even after the conclusion of the lawsuit (DE # 132 at 7, 8-12; DE # 166 at 8).

Plaintiff, by alleging in the Second Amended Complaint that he intends to subsequently visit the subject property has placed in issue whether he has subsequently visited properties he has previously sued under the ADA, after the conclusion of the suit.

Therefore, by March 22, 2010, Plaintiff must either provide the requested information or provide a sworn response that he does not possess some or all of the requested information.  If Plaintiff is unable to provide all details, then he must provide

6

whatever information he has.  However, Hallandale Lanes may obtain the address of the properties previously sued from the court files of the previous lawsuits.

**I.  Interrogatory 16**

Hallandale Lanes asks Plaintiff to identify with specificity every bowling alley he has visited in the previous five years (DE # 132 at 7-12; DE # 166 at 9).

Plaintiff has stated in the Second Amended Complaint that he has a connection with the subject property.  Thus, the requested information may be relevant to Plaintiff's standing.  However, the request is overbroad in time, and will therefore be limited to visits within the previous three years.

Therefore, by March 22, 2010, Plaintiff must either provide the requested information or provide a sworn response that he does not possess some or all of the requested information.

**J.  Defendant Has Not Exceeded The Limit of Interrogatories**

The undersigned has reviewed the 16 interrogatories contained in Defendant's first set of interrogatories (DE # 132-1).  The undersigned finds meritless Plaintiff's argument that the interrogatories contain discrete subparts which total more than the 25 interrogatories allowed by Fed.R.Civ.P. 33(a) (DE # 160 at 6-7, ¶¶12-13).  Each of the 16 interrogatories counts as one interrogatory.

**IV.  The Motion to Compel re: Defendant's Second Set of Interrogatories**

**A.  Interrogatory 1**

Hallandale Lanes asks Plaintiff to describe in detail the remediation he proposes as a readily achievable solution to the barrier named in paragraph 15(ix) of the Second Amended Complaint, specifically, partitions (DE # 135 at 2-3, 5-6, ¶¶5-11, 12-14; DE # 177 at 3-4).

7

Plaintiff, by making this allegation in the Second Amended Complaint, is required to provide this information to Defendant in a timely manner. Plaintiff's expert, Moishe Weitz, has already inspected the subject property.  All expert discovery must be completed by April 16, 2010, approximately six weeks from now.  Plaintiff must provide this information now, so that expert discovery may move forward.

Therefore, by March 22, 2010, Plaintiff must either provide the requested information or file a privilege log that accords with the requirements of the Local Rules.

**B.  Interrogatory 2**

Hallandale Lanes asks Plaintiff to describe in detail the remediation he proposes as a readily achievable solution to the barrier named in paragraph 15(ix) of the Second Amended Complaint, specifically, walls (DE # 135 at 3-6, ¶¶12-14, 12-14; DE # 177 at 5).

Plaintiff, by making this allegation in the Second Amended Complaint, is required to provide this information to Defendant in a timely manner. Plaintiff's expert, Moishe Weitz, has already inspected the subject property.  All expert discovery must be completed by April 16, 2010, approximately six weeks from now.  Plaintiff must provide this information now, so that expert discovery may move forward.

Therefore, by March 22, 2010, Plaintiff must  provide the requested information or file a privilege log that accords with the requirements of the Local Rules.

**C.  Interrogatory 3**

Hallandale Lanes asks Plaintiff to describe in detail the remediation he proposes as a readily achievable solution to the barrier named in paragraph 15(ix) of the Second Amended Complaint, specifically, doors (DE # 135 at 4-6, ¶¶15-16, 12-14; DE # 177 at 5-6).

Plaintiff, by making this allegation in the Second Amended Complaint, is required to provide this information to Defendant in a timely manner. Plaintiff's expert, Moishe

Weitz, has already inspected the subject property.  All expert discovery must be completed by April 16, 2010, approximately six weeks from now.  Plaintiff must provide this information now, so that expert discovery may move forward.

Therefore, by March 22, 2010, Plaintiff must  provide the requested information or file a privilege log that accords with the requirements of the Local Rules.

D.  <u>Defendant Has Not Exceeded The Limit of Interrogatories</u>

The undersigned has reviewed the 16 interrogatories contained in Defendant's first set of interrogatories (DE # 132-1), and the 3 interrogatories contained in Defendant's second set of interrogatories (DE # 135-1), for a total of 19 interrogatories. The undersigned finds meritless Plaintiff's argument that the interrogatories contain discrete subparts which total more than the 25 interrogatories allowed by Fed.R.Civ.P. 33(a) (DE # 161 at 2-3, ¶¶4-5).  Each of the 19 interrogatories counts as one interrogatory.

V.  <u>The Motion to Compel re: Production of Documents (DE # 139)</u>

A.  <u>Request 4</u>

Hallandale Lanes asks Plaintiff to produce all documents, including receipts, evidencing his visit to the subject property at any time since his original diagnosis (DE # 132 at 1-3, ¶¶4-7, 8-11, 15-16; DE # 165 at 3).

Plaintiff has stated in the Second Amended Complaint that he has had a past connection with the subject property.  Thus, the requested documents are relevant to the issue of Plaintiff's standing, and are reasonably calculated to lead to the discovery of admissible evidence.  However, the request is overbroad in time, and will therefore be limited to visits within the previous three years.  If Plaintiff does not have any responsive documents, he may say so in a sworn answer.  Therefore, by March 22, 2010, Plaintiff must either provide the requested documents or provide a sworn response that he does

not possess some or all of the requested documents.

**B.  Request 6**

Hallandale Lanes asks for documents which support Plaintiff's allegation in

paragraph 11 of the Second Amended Complaint that the Subject Facility has undergone

substantial remodeling, repairs or alterations since January 26, 1990 (DE # 139 at 3, ¶¶8-

10, 11-14; DE # 165 at 4).

Plaintiff placed this allegation in the Second Amended Complaint and must

provide all documents in his possession that support the allegation, which is directly

relevant to the issue of whether the "readily achievable standard" applies.

Therefore, by March 22, 2010, Plaintiff must either provide the requested

documents, or provide a sworn response that he does not possess some or all of the

requested documents.  If Plaintiff wishes to allege that all or some of the responsive

documents are privileged (DE # 162 at 2, ¶5), he must file a privilege log that accords

with the requirements of the Local Rules by March 22, 2010.

**C.  Request 7**

Hallandale Lanes asks for all correspondence with any expert Plaintiff intends to

call at trial (DE # 139 at 3-5, ¶¶12-16, 12-14; DE # 166 at 4-6).

Plaintiff is required to provide these documents to Defendant in a timely manner.

Plaintiff's expert, Moishe Weitz, has already inspected the subject property.  All expert

discovery must be completed by April 16, 2010, approximately six weeks from now.

Plaintiff must provide this information now, so that expert discovery may move forward.

Plaintiff must provide a privilege log as to any allegedly privileged documents (DE # 162

at 3, ¶6).

Therefore, by March 22, 2010, Plaintiff must either provide the requested

information or file a privilege log that accords with the requirements of the Local Rules.

**D. Requests 8 and 9**

Hallandale Lanes asks for all notes, documents, reports or surveys taken by any expert Plaintiff intends to call at trial reflecting his visits to the subject property (DE # 139 at 4-5, ¶¶16-19, 12-14; DE # 165 at 6).

Plaintiff is required to provide these documents to Defendant in a timely manner. Plaintiff's expert, Moishe Weitz, has already inspected the subject property.  All expert discovery must be completed by April 16, 2010, approximately six weeks from now. Plaintiff must provide this information now, so that expert discovery may move forward. Plaintiff must provide a privilege log as to any allegedly privileged documents (DE # 162 at 3-4, ¶¶7-8).

Therefore, by March 22, 2010, Plaintiff must either provide the requested documents or file a privilege log in accordance with the requirements of the Local Rules.

**E. Requests 10 and 11**

Hallandale Lanes asks for transcripts of any testimony given by Plaintiff in any ADA case which he brought as a Plaintiff and for any deposition transcripts of any testimony given by Plaintiff in any ADA case which he brought as a Plaintiff.  Plaintiff responded that he does not have any in his possession.  Defendant asks that Plaintiff be required to state whether his attorney is in possession of any responsive documents, and, if so, that they be turned over to Defendant (DE # 139 at 5-6, ¶¶20-21, 12-14; DE # 166 at 7).

Plaintiff's counsel has stated in Plaintiff's response that neither he nor Plaintiff is in possession of any responsive documentation (DE # 162 at 4, ¶9).  Therefore, the motion to compel is denied with respect to these requests.

### F.  Request 12

Hallandale Lanes asks Plaintiff to provide all documents concerning the remediation he proposes as a readily achievable solution to the barrier named in paragraph 15(v) of the Second Amended Complaint (DE # 139 at 6-7, ¶¶22-24, 12-15; DE # 165 at 6-7).

Plaintiff, by making this allegation in the Second Amended Complaint, is required to provide these documents to Defendant in a timely manner.  Plaintiff's expert, Moishe Weitz, has already inspected the subject property.  All expert discovery must be completed by April 16, 2010, approximately six weeks from now.  Plaintiff must provide these documents now, so that expert discovery may move forward.  Plaintiff must provide a privilege log as to any allegedly privileged documents (DE # 162 at 4-5, ¶10).

Therefore, by March 22, 2010, Plaintiff must either provide the requested documents or file a privilege log that accords with the requirements of the Local Rules.

### G.  Request 13

Hallandale Lanes asks Plaintiff to provide all documents concerning the remediation he proposes as a readily achievable solution to the barrier named in paragraph 15(xvii) of the Second Amended Complaint (DE # 139 at 7, ¶¶25-27, 12-15; DE # 165 at 7).

Plaintiff, by making this allegation in the Second Amended Complaint, is required to provide these documents to Defendant in a timely manner. Plaintiff's expert, Moishe Weitz, has already inspected the subject property.  All expert discovery must be completed by April 16, 2010, approximately six weeks from now.  Plaintiff must provide these documents now, so that expert discovery may move forward.  Plaintiff must provide a privilege log as to any allegedly privileged documents (DE # 162 at 5, ¶11).

12

Therefore, by March 22, 2010, Plaintiff must either provide the requested documents or file a privilege log that accords with the requirements of the Local Rules.

H.  Request 18

Hallandale Lanes asks Plaintiff provides documents showing his visits to any bowling alley he has visited in the previous five years (DE # 139 at 7-8, ¶¶28-29, 8-11, 15-16; DE # 165 at 7).

Plaintiff has stated in the Second Amended Complaint that he has a connection with the subject property.  Thus, the requested documents may be relevant to Plaintiff's standing.  However, the request is overbroad in time, and will therefore be limited to visits within the previous three years.  Therefore, by March 22, 2010, Plaintiff must either provide the requested documents or provide a sworn response that he does not possess them.

I.  The Requests for Rule 37 Sanctions

Hallandale Lanes has requested a sanctions, pursuant to Rule 37(a)(5), of the attorney's fees incurred in making this motion, alleging that Plaintiff's objections were frivolous (DE # 139 at 17; DE # 165 at 8).  Plaintiff asks that Hallandale Lanes be ordered to reimburse Plaintiff for the attorney's fees incurred in responding to said motion (DE # 162 at 8).  The undersigned finds that under the circumstances of this case, it would be unjust to award sanctions to either party.

Therefore, for the reasons stated about, it is hereby

**ORDERED AND ADJUDGED** that Defendant Hallandale Lanes Management, Inc.'s Motion to Compel better answers to Defendant's first set of interrogatories (DE # 132); Motion to Compel better answers to Defendant's second set of interrogatories (DE

13

# 135); and Motion to Compel production of documents (DE # 139), are **GRANTED in part**.  On or before Monday, March 22, 2010, Plaintiff must provide Hallandale Lanes with better answers to interrogatories and with the requested documents, as stated in the body of the Order.  If Plaintiff wishes to make any privilege objections, by Monday, March 22, 2010, he must file a privilege log which accords with the Local Rules.  It is further

**ORDERED AND ADJUDGED** that the cross-requests for Rule 37 sanctions are **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 5, 2010.

Andrea M. Simonton
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record